[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COMPLIANCE WITH DEFENDANT'S MOTION FOR ARTICULATION
The Court complies with the defendant's motion for articulation by attaching hereto a copy of the transcript of the hearing held before the Court on June 17, 1996.
Hendel, J.
Attachment
DOCKET NUMBER CV95 0534993 : SUPERIOR COURT
BANK OF SOUTHEASTERN CONNECTICUT : JUDICIAL DISTRICT
VERSUS OF NEW LONDON CT Page 5261-TTT
MICHAEL SHAPIRO, ET AL : HELD IN NEW LONDON
JUNE 17, 1996
BEFORE: THE HONORABLE SEYMOUR L. HENDEL, JUDGE OF THE SUPERIOR COURT
APPEARANCES:
 REPRESENTING THE PLAINTIFF:
CONWAY LONDREGAN, P.C. Attorneys at Law 38, Huntington Street New London, Connecticut, 06320
BY: THOMAS LONDREGAN, ESQUIRE
 REPRESENTING THE DEFENDANTS:
CHORCHES NOVAK, P.C. Attorneys at Law 1260, Silas Deane Highway Wethersfield, Connecticut, 06109
BY: EDWARD TAIMAN JR., ESQUIRE
 MARTIN W. HOFFMAN Attorneys at Law 50, Columbus Boulevard Hartford, Connecticut, 06106
BY: WALTER ONACEWICZ JR, ESQUIRE
 Marielle S. Bottinelli Court monitor
 THE COURT: Bank of Southeastern Connecticut versus Shapiro.
 MR. LONDREGAN: Good morning, your Honor. Tom Londregan for the Plaintiff, Bank of Southeastern Connecticut.
THE COURT: Whose motion is this?
MR. TAIMAN: Cross motion for summary judgment, CT Page 5261-UUU your Honor. Attorney Ed Taiman for Michael D. Shapiro.
 MR. ONACEWICZ: Good afternoon, your Honor. Attorney Onacewicz for Defendant Ann-Louise Shapiro.
 THE COURT: Now, I take it, all — We all agree there is no issue of the facts here?
MR. TAIMAN: That's right.
MR. ONACEWICZ: Yes, your Honor.
 MR. LONDREGAN: My motion for summary judgment is only as to the first and second special defenses of the Defendant Shapiro, your Honor. It is not as to the other special defenses which do raise factual issues.
 THE COURT: And what are the first and second defenses?
 MR. LONDREGAN: The first special defense, your Honor, is that the original case was dismissed due to negligence, not form, and therefore the dismissal is a bar. The second special defense, your Honor, I believe has been considered. That was the case of res judicata and collateral estoppel, but if I read page "9" of the Defendant's brief, he concedes that summary judgment may entered for the Plaintiff on that special defense.
 THE COURT: He's saying — the Plaintiff — that you conceded, is that correct?
 MR. TAIMAN: That's correct. Your Honor, the issue is whether or not the accidental failure suit statute saves the 1993 — the prior suit, the action itself. Whether or not it can save the — There is essentially two causes of action. One is on a promissory note. The other is for alleging a fraudulent conveyance.
 THE COURT: And what is the issue under the accidental failure suit? CT Page 5261-VVV
 MR. LONDREGAN: On the first count, your Honor — I want to break this down into two arguments — To the first count, against the named maker, the accidental failure suit statute doesn't even come into play.
THE COURT: Why did the suit fail?
 MR. LONDREGAN: It failed because of a dismissal for failure to file certain disclosure in the prior action, your Honor.
THE COURT: A disciplinary dismissal?
MR. TAIMAN: Yes, your Honor.
 MR. LONDREGAN: It was, your Honor. But the suit was reinstituted within the statute of limitations, your Honor. The accidental failure of suit statute only comes into play when there is a defense of a statute of limitations and you're seeking to go beyond the statute of limitations with your new suit. That is not the case in the first count against the named maker. We do not need the accidental failure of suit statute for the first count. There has been no statute of limitations special defense alleged. This lawsuit is within the six year statute of limitations for the note. Legally, it is non-issue. The Plaintiff does need the accidental failure of suit statute for the second, third, and fourth counts which are allegations of a fraudulent conveyance under the old statute, the new statute, and common law. Those are the second, third, and fourth causes of-action. We do need that accidental failure suit because this lawsuit is beyond the original statute of limitations, and the Defendants have raised that as their third special defense statute of limitations. The prior dismissal, your Honor, was for failure to disclose interrogatories. In that motion, the Defendants argue to the Court that if the Plaintiffs were serious about pursuing these causes of actions, they should be made to bring a new lawsuit, and the Plaintiff has, your Honor. The Plaintiff has been punished by filing this new action by paying a new entry fee, paying a new sheriff's fee. CT Page 5261-WWW
 THE COURT: There was a dismissal, not on the merits, correct?
MR. TAIMAN: That's correct.
THE COURT: So why can't he sue over again?
 MR. TAIMAN: Because — Because, your Honor, the accidental failure suit statute was not intended to save actions that were dismissed — unless it was dismissed because —
 THE COURT: No. I'm talking first about the one in which the statute does not run.
MR. TAIMAN: The statute has not run —
 THE COURT: There is no question about that one, is there?
 MR. TAIMAN: Your Honor, in their pleadings, they relied on the accidental failure of suit statute.
 THE COURT: It makes no difference. If he has the right to bring it over again, he brings it over again, right?
MR. TAIMAN: Very well.
THE COURT: So, that's as to the first count?
MR. LONDREGAN: That's correct, your Honor.
 THE COURT: Yes. That — That defense is stricken. Well, the motion — You're asking for summary judgment on a count —
 MR. LONDREGAN: On that special defense, your Honor. That special defense should be taken out of this lawsuit. The named — The maker would still have his rights to claim he didn't get the money, and the other special defenses.
THE COURT: It can co either way by a motion to CT Page 5261-XXX strike. I'll grant summary judgment as to the first count in favor of the Plaintiff. I'm not sure it's the proper — It should be a motion to strike because we are not ordering a judgment in the case, right?
 MR. LONDREGAN: We are not, your Honor. This is only as to the issue of —
THE COURT: Yes. This —
 MR. LONDREGAN: — the factual issues of the — the first special defense.
THE COURT: Anyway, the first special defense —
 MR. LONDREGAN: As a matter of law, we are entitled to judgment as to that special defense.
 THE COURT: The first special defense is out, just out of the case. You're not getting judgment.
 MR. TAIMAN: Well, your Honor, if you do a motion to strike, you can't bring in outside facts, and I had this same problem in another courthouse. So, I think that summary judgment is the proper vehicle.
 THE COURT: Yes. Summary judgment s to the special defense then. Correct. That's as — now as to the second, third, and fourth counts — and then we get into the issue of whether a saving — the saving statute applies to disciplinary dismissals, correct?
 MR. LONDREGAN: That's right. Your Honor wanted some cases, and you asked both counsel to bring copies of cases upon which they relied —
THE COURT: Right.
 MR. LONDREGAN: — and if I may approach the bench and have —
 THE COURT: Just give me your best case, each, please. Give me your best case.
MR. TAIMAN: Well — CT Page 5261-YYY
 THE COURT: Unless there is a split in authority. You're claiming there is a split in authority here?
MR. TAIMAN: No, there is no split.
 THE COURT: No. Give my your best case, each. If the authority is in compliance — is uniformed, then the cases have to agree, right?
 MR. LONDREGAN: May I approach the bench, your Honor?
 THE COURT: Right. The case of Gionfrido versus Wharf Realty doesn't involve the issue here. The case wasn't rebrought, was it? It's just that they appealed the dismissal claiming it was improper —
 MR. LONDREGAN: The footnote, your Honor, on page 34.
 THE COURT: 34. We note that the Plaintiff is not without remedy — may commence a new action.
 MR. LONDREGAN: I would refer your Honor to the Milgrim versus Deluca case, page 195. I have highlighted in yellow —
 THE COURT: Well, that certainly — That is certainly in support of your position. Milgrim follows that?
 MR. LONDREGAN: Yes, your Honor. Milgrim versus Deluca case, "195".
 THE COURT: The Skiebeck case — It's dismissed three times.
MR. TAIMAN: Yes, your Honor.
 THE COURT: You know, there is some discretion here, I believe.
MR. ONACEWICZ: Your Honor, in this case —
THE COURT: If the dismissal is really for gross CT Page 5261-ZZZ reasons, it should not be opened. If it's dismissal for failure to comply with the discovery order, a simple discovery, simple dismissal like that, there has been no abuse of the process —
MR. TAIMAN: May I note one thing, your Honor?
 THE COURT: What are the facts here? What is the fact?
MR. TAIMAN: Okay. It was on dormancy twice.
THE COURT: Excuse me?
MR. TAIMAN: This matter was on dormancy twice.
THE COURT: All right.
 MR. TAIMAN: On two separate occasions, this Court —
 THE COURT: It has been dismissed on dormancy twice?
 MR. TAIMAN: No. It was dismissed the second time on dormancy —
THE COURT: So, that's —
 MR. TAIMAN: — At that hearing, we objected to their seeking the —
THE COURT: Extension
MR. TAIMAN: Yes.
THE COURT: And it was dismissed for dormancy?
 MR. TAIMAN: No. At that time, the judge said that they had — they have two weeks to respond to discovery. Okay. Additional —
THE COURT: And they didn't respond —
MR. TAIMAN: They didn't do it again. And the CT Page 5261-AAAA second time — There were two court orders requiring responses to discovery.
THE COURT: Why was discovery not filed?
 MR. LONDREGAN: Your Honor, Attorney Haiman Clein represented the Plaintiff in the prior action. Attorney Clein did not for twenty-one months answer the discovery —
 THE COURT: He didn't take action. You stepped in Clein's place?
 MR. LONDREGAN: We did, your Honor. We did respond within the two weeks. We did object to some of the discovery. Two points, your Honor. In the motion that they made at that time, they told the Court it should be dismissed because — and they should be made to plead over again. Well, we did that. That's what the Defendants told the Court in the prior action.
MR. TAIMAN: Your Honor, we —
 MR. LONDREGAN: And number two, we shouldn't have — the Plaintiff should not be penalized because of Attorney Clein's —
 THE COURT: You brought an additional suit, right? They brought the additional suit —
 MR. TAIMAN: Your Honor, let me say one thing. We never told them what to rely on or how to bring it. They brought it under the statute. However, they wanted to bring it, that was up to them. The chose the statute. Both the Supreme Court and the Appellate Court have said that the 52-592 will not save a suit unless the original dismissal is due to negligence, simple negligence, your Honor, simple negligence or accident. There is no accident here. They didn't respond to discovery for twenty-one months. It's not —
 THE COURT: Are you claiming it's gross negligence in this case?
CT Page 5261-BBBB
 MR. TAIMAN: Absolutely. Two court orders requiring responses to discovery. The thing is on dormancy twice.
THE COURT: The suit — The suit may be brought.
MR. LONDREGAN: Thank you, your Honor.
THE COURT: Thank you.
* * * * *
DOCKET NUMBER CV95 0534993 : SUPERIOR COURT
BANK OF SOUTHEASTERN CONNECTICUT : JUDICIAL DISTRICT
VERSUS OF NEW LONDON
MICHAEL SHAPIRO, ET AL : HELD IN NEW LONDON
JUNE 17, 1996
 CERTIFICATION -------------
I hereby certify that the foregoing pages contain a true and accurate copy of the tape transcribed in the above referred to matter, heard before the Honorable Seymour L. Hendel, Judge of the Superior Court, in New London, Connecticut, on June 17, 1996.
Dated in New London, Connecticut, on the 31st day of July, 1996.
 Marielle S. Bottinelli Court monitor